# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10080
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MIGUEL AMEZQUITA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-117-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Miguel Amezquita appeals the sentence imposed following his guilty plea to possession of heroin with intent to distribute. He contends that the district court clearly erred in failing to find that he was a minor participant in a criminal activity and thus qualified for a minor role adjustment under U.S.S.G. § 3B1.2. Amezquita argues that, when compared to other participants who secured the drug and distributed it, he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

peripheral to the advancement of the scheme, given his status as a mere courier.

Section 3B1.2 provides that if a defendant's role in any criminal activity is a minor one, the offense level is to be decreased by two levels. § 3B1.2(b). Whether a defendant is a minor participant is a factual determination reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). Factual findings are not clearly erroneous if they are plausible in light of the record as a whole. *Id.*

A role adjustment applies to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." § 3B1.2, comment. (n.3(A)). "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Villanueva*, 408 F.3d at 204 (internal quotation marks and citation omitted). The applicability of § 3B1.2 rests on whether the defendant was minor in relation to the conduct for which he was held accountable, not in relation to the criminal enterprise as a whole. *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001).

Amezquita was held accountable for only the drugs that he personally brought into the United States. His status as merely a mule, however, does not necessarily qualify him for a minor role adjustment. *United States v. Thomas*, 690 F.3d 358, 376 (5th Cir. 2012). Amezquita has not borne his burden of showing that his participation was peripheral to the advancement of the criminal activity for which he was held accountable, i.e., possession of heroin with intent to distribute. *See United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998). Amezquita flew from Guatemala to New York on at least two occasions after ingesting dozens of heroin pellets. The sparse facts

recited in the presentence report do not support a finding that either the individual from whom he obtained the heroin or the individual to whom he delivered the heroin was more culpable than he with regard to possessing the heroin with intent to distribute. Amezquita's international and transcontinental travel after ingesting a large amount of heroin supports a finding that his role was more integral than peripheral to the advancement of the charged conduct. *Cf. United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995) (holding that a courier had not shown himself to be substantially less culpable than the average participant where he assisted in transporting the drugs across state lines, while his confederates stayed in one location to mask their drug activities). Based on the record before us, we conclude that the district court did not clearly err in denying Amezquita a minor role adjustment. *See Villanueva*, 408 F.3d at 203.

AFFIRMED.